# Cullen | Dykman

Cullen and Dykman LLP
80 State Street, Suite 900
Albany, New York 12207
T: 518.788.9440 | F: 518.689.9519

**NICHOLAS J. FASO**
**PARTNER**
DIRECT: (518) 788-4416
NFASO@CULLENLLP.COM

August 10, 2023

**VIA ECF**
Hon. Glenn T. Suddaby, U.S. District Judge
Federal Building and U.S. Courthouse
P.O. Box 7367
Syracuse, NY 13261-7367

    Re:    *Benn v. Neal*, Case No. 1:22-cv-00820-GTS-ATB

Dear Judge Suddaby:

This firm represents Plaintiff Joseph Benjamin Benn in this action against Defendant Diane Neal. We write in connection with this Court's August 2, 2023 order directing Defendant to show cause why this Court should not *sua sponte* remand this action for lack of subject matter jurisdiction. Dkt. 29. Defendant's response effectively concedes that this Court lacked subject matter jurisdiction since its removal and states that Defendant "would not object to the Court's remanding this matter." Dkt. 30 at 3. Plaintiff also does not object to remand and respectfully submits that remand is required because this Court lacks subject matter jurisdiction.

This Court advised Defendant that it will consider various factors in determining whether she changed her domicile such as "voting registration," "duration of the time that the defendant spent at each residence," "whether the defendant owned or rented," "how permanent her living arrangements were," and, "the location of the defendant's physician." Dkt. 29. Quite tellingly, Defendant's response does not address any applicable factor, let alone make a clear and convincing showing. Instead, Defendant attempts to divert attention from her omissions by, incredibly, addressing a different issue not raised by the order to show case: whether this Court should decline to exercise jurisdiction over Plaintiff's contract claim under the abstention doctrines (an inquiry the Court presumably would have directed to Plaintiff were it the subject of the order to show cause).

Defendant attempts to deflect scrutiny because it appears she cannot in good faith claim she changed her domicile to Florida. After this Court issued the order to show cause, Plaintiff became aware of facts (which Defendant fails to disclose to this Court) suggesting that Defendant improperly removed this action. Specifically, Defendant's "Voter History" file from the Ulster County Board of Elections shows that Defendant voted in New York County on June 28, 2022. Around the same time, Defendant posted an image of herself to Instagram wearing a sticker showing she voted in New York. Similarly, on June 9, 2022, Defendant posted an image of herself receiving dental treatment in New York City. Thus, it appears that as of June 2022, Defendant had not truly changed her domicile to Florida. Moreover, to the extent Defendant ever lived in Florida, it was not with any degree of permanency, as media outlets recently reported that Defendant has relocated to Israel. Plaintiff is prepared to provide documentation of this information upon the

FOUNDED 1850

NEW YORK   NEW JERSEY   WASHINGTON DC

45024.2000 20593399v2

**Cullen | Dykman**

Court's request.

For these reasons, and based on Defendant's failure to meet her burden of establishing her domicile by clear and convincing evidence, Plaintiff respectfully requests that this Court issue an order remanding this action and, pursuant to 28 U.S.C. § 1447(c), requiring Defendant's payment of Plaintiff's costs, expenses, and attorneys' fees incurred as a result of the improper removal. We are available at the Court's convenience should it require any additional information.

Respectfully submitted,

/s/ *Nicholas J. Faso*

cc:   All counsel of record via ECF.

Very truly yours,

Nicholas J. Faso

45024.2000 20593399v2